# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| NEIL K. SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-131 |
| | ) |
| MAYOR VAN R. JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court plaintiff's Motion for Emergency Injunctive Relief. Doc. 7. For the following reasons, the Court will **CONSTRUE** the motion as a preliminary injunction. Defendants shall have seven days from the date of this order to file any response to the motion for preliminary injunction. The Court will set a hearing date upon receipt of the response.

Plaintiff generally alleges that he has been blocked from Mayor Van Johnson's public Facebook page which he uses as a government forum and upon which he conducts public business. Doc. 1 at 4. Specifically, he alleges that after criticizing statements made by the Mayor regarding the Second Amendment, he and other citizens were blocked from the page and plaintiff has been unable access the page since that date. Doc. 1 at 4. His Motion for Emergency Injunctive Relief asks the Court to order Mayor Van Johnson to

immediately unblock him and any other citizen[1] that may be blocked pending the disposition of this lawsuit.

There is no such thing as an "emergency injunction," in this Court. Rather the Court may issue a temporary restraining order ("TRO") without notice and the opportunity to be heard by the opposing party if certain requirements are met. Fed. R. Civ. P. 65(b). The Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). In lieu of that, the Court may issue a preliminary injunction—but this requires that the Court provide notice to the opposing party. Fed. R. Civ. P. 65(a).

Plaintiff is not entitled to a TRO because at the very least he has not set forth facts in an affidavit or a verified complaint. *See* doc. 7. Accordingly, the Court **CONSTRUES** plaintiff's motion as a motion for a preliminary injunction. Defendants are **DIRECTED** to file a response to plaintiff's motion within seven

---

[1] Plaintiff has not yet requested that the Court certify a class action which would allow him to proceed on behalf of others similarly situated. However, he is cautioned that such a request is unlikely to succeed without counsel. *Wallace v. Smith,* 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal brought by pro se litigant proceeding IFP).

days from the date of this Order. The Court will schedule a hearing—if necessary—upon receipt of the response.

**SO ORDERED,** this 24th day of July, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA